

**null / ALL**
**Transmittal Number: 25298180**
**Date Processed: 07/29/2022**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | JJ Jacobson-Allen<br>Dollar Tree Stores Inc<br>500 Volvo Pkwy<br>Chesapeake, VA 23320-1604 |
| **Electronic copy provided to:** | Connie Ferrell<br>Heather Hunter |

| | |
|---|---|
| **Entity:** | Family Dollar Stores of Texas, LLC<br>Entity ID Number 3697607 |
| **Entity Served:** | Family Dollar Stores Of Texas LLC |
| **Title of Action:** | Reyna Gutierrez vs. Family Dollar Stores Of Texas LLC |
| **Matter Name/ID:** | Reyna Gutierrez vs. Family Dollar Stores Of Texas LLC (12626735) |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Brazoria County District Court, TX |
| **Case/Reference No:** | 118886-CV |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 07/29/2022 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | The Martin Law Firm, PLLC<br>713-651-1037 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

## CAUSE NO. 118886-CV
### 149th District Court

THE STATE OF TEXAS

CITATION

TO:   **Family Dollar Stores of Texas LLC**
**By serving its Registered Agent**
**Corporation Service Company d/b/a CSC-Lawyers Inco**
**211 East 7th, Suite 620**
**Austin, TX 78701**

Defendant

*12091*
*2:54*
*7/29/22*

NOTICE:

You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the Clerk who issued this Citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this **Citation** and **Plaintiff's Original Petition** a Default Judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org. If filing Pro se, said answer may be filed by mailing same to: Brazoria County District Clerk's office, 111 E. Locust, Suite 500, Angleton, TX  77515-4678 or by bringing said answer in person to the aforementioned address.

The case is presently pending before the **149th District Court** of Brazoria County sitting in Angleton, Texas, and was filed on the **27th day of July, 2022.**  It bears Cause No. **118886-CV** and Styled:

**Reyna Gutierrez**
**vs.**
**Family Dollar Stores of Texas LLC**

The name and address of the Attorney filing this action (or Party, if Pro Se) is **Matthew E. Mendoza, The Martin Law Firm, PLLC, 720 West Alabama Street, Houston, Texas 77006.**

The nature of the demands of said Plaintiff is shown by a true and correct copy of Plaintiff's Petition accompanying this Citation.

Issued under my hand and the seal of said Court, at Angleton, Texas, on the **28th day of July, 2022.**

**DONNA STARKEY, DISTRICT CLERK**
**Brazoria County, Texas**

Digitally signed by
Stephanie Nutt
Date: 2022.07.28
14:05:48 -05'00'

By _____, Deputy
Stephanie Nutt

Service Copy

Citation by Registered Agent

RETURN OF SERVICE

CAUSE NO. 118886-CV     149th District Court

REYNA GUTIERREZ
VS.
FAMILY DOLLAR STORES OF TEXAS LLC

**Family Dollar Stores of Texas LLC**
**By serving its Registered Agent**
**Corporation Service Company d/b/a CSC-Lawyers Inco**
**211 East 7th, Suite 620**
**Austin, TX 78701**

Came to hand on the _____ day of _____, 20___ at _____, o'clock ____.m., and executed in _____ County, Texas by delivering to each of the within named parties in person, a true copy of this CITATION with the date of delivery endorsed thereon, together with the accompanying copy of the  Plaintiff's Original Petition at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE, COURSE, AND DISTANCE FROM COURTHOUSE | MILEAGE |
|------|------|------|---------------------------------------------|---------|
|      |      |      |                                             |         |
|      |      |      |                                             |         |
|      |      |      |                                             |         |

and not executed as to (NAME)_____

and the cause or failure to execute this process is for the following reason: _____

_____

The diligence used in finding said (NAME) being: _____

FEES:
| | | | |
|---|---|---|---|
| Serving Citation and Copy | $_____ | _____, Officer |
| Mileage: _____ miles @ $_____ per mile | $_____ | _____ County, Texas |
| Total | $_____ | _____ |
| | | Deputy/Authorized Person |

<u>COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.</u>
In accordance with Rule 107:  The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.  The return must either be verified or be signed under penalty of perjury.  A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____, and my
                    (First, Middle, Last)
address is_____
                    (Street, City, State, Zip Code, Country)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the ____ day of _____, 20__.


_____
Declarant/Authorized Process Server


_____
(ID No. and expiration of certification)

Filed for Record
8/27/2022 2:39 PM
Donna Starkey, District Clerk
Brazoria County, Texas
118886-CV
Stephanie Nutt, Deputy

## CAUSE NO. 118886-CV

| | | |
|---|---|---|
| REYNA GUTIERREZ<br>*Plaintiff,* | § <br> § <br> § | IN THE DISTRICT COURT OF |
| vs. | § <br> § <br> § | BRAZORIA COUNTY, TEXAS |
| FAMILY DOLLAR STORES OF<br>TEXAS LLC<br>*Defendant.* | § <br> § <br> § | 149th JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION

Plaintiff REYNA GUTIERREZ complains of defendant FAMILY DOLLAR STORS OF

TEXAS LLC, and for cause of action would respectfully show this Court the following:

### I.
### DISCOVERY PLAN

1.     Discovery in this case is to be conducted under Level 3 of Rule 190.4 of the Texas Rules

of Civil Procedure. Pursuant to TEX. R. CIV. P. 47, Plaintiff seeks monetary relief of over

$250,000.00 but not more than $1,000,000.

### II.
### REQUEST PURSUANT TO RULE 28 FOR SUBSTITUTION OF TRUE NAME

2.     To the extent that the above-named Defendant is conducting business pursuant to a trade

name or assumed name, then suit is brought against them pursuant to the terms of Rule 28 of the

Texas Rules of Civil Procedure, and Plaintiff hereby demands upon answering this suit, that the

Defendant's answer in their correct legal and assumed names. TEX. R. CIV. P. 28.

### III.
### PARTIES

3.     Plaintiff REYNA GUTIERREZ ("Plaintiff") is a natural person residing in Brazoria

County, Texas.

4.      Defendant FAMILY DOLLAR STORES OF TEXAS LLC ("FAMILY DOLLAR") is a business entity doing business in the State of Texas for the purpose of accumulating monetary profit, and may be served through its registered agent, Corporation Service Company doing business as CSC-Lawyers Incorporating Service Company, located at 211 East 7th Street Suite 620, Austin, Texas 78701.

## IV.
## MISNOMER/ALTER EGO

5.      In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification", "misnomer" and/or such parties are/were "alter egos" of parties named herein.   Alternatively, Plaintiff contends that such "corporate veils," should be pierced to hold such parties properly included in the interest of justice.

## V.
## JURISDICTION AND VENUE

6.      Venue is proper in Harris County, Texas pursuant to Texas Civil Practice and Remedies Code §15.002(a)(1) because a substantial part of the events or omissions giving rise to the present claims occurred in Harris County, Texas.

7.      The Court has jurisdiction over the Defendant because the Defendant is or was doing business in Texas. This Court also has jurisdiction over the controversy because the damages are above the minimum jurisdictional limits of this Court.

## VI.
## FACTS

8.      FAMILY DOLLAR owns and operates a store located at 115 West Coombs Street in Brazoria County. On July 23, 2022, Plaintiff was walking in the store as an invitee. There were clear boxes on the floor and Plaintiff tripped and fell over them. There were no caution signs or anything that warned of the clear boxes on the floor. As a result of FAMILY DOLLAR's

negligence, Plaintiff slipped and fell to the floor causing multiple injuries. At all times relevant, Plaintiff was an invitee. As a proximate result of the incident, Plaintiff sustained personal injuries and damages more fully described below that was created by FAMILY DOLLAR. Nothing Plaintiff did or failed to do caused or contributed to the incident made basis of this suit or Plaintiff's resulting injuries and damages.

**VII.**
**NEGLIGENCE AND PREMISES LIABILITY OF FAMILY DOLLAR**

9.      Plaintiff re-alleges every allegation above. FAMILY DOLLAR owed a duty to Plaintiff as an invitee on its premises. FAMILY DOLLAR directly and personally participated in the conduct giving rise to Plaintiff's negligence claims by creating the dangerous conditions.

10.     Defendant FAMILY DOLLAR's contemporaneous conduct constituted a breach of the duty of ordinary care owed by FAMILY DOLLAR to Plaintiff. FAMILY DOLLAR directly participated in the conduct giving rise to Plaintiff's negligence claims through its employee's actions. FAMILY DOLLAR's employees, acting in the course and scope of their employment, owed an independent duty to Plaintiff and were guilty of negligence in the following respects:

   a.  Failing to ensure the safety of its patrons;

   b.  Failing to adequately and reasonably operate and/or maintain their equipment;

   c.  Failing to remove or remedy dangerous conditions on the premises;

   d.  Failing to warn of dangerous conditions on the premises;

   e.  Failing to pay attention to the patrons and conditions in the store, created by Defendant;

   f.  Failing to act as a reasonably prudent company would have done under the same or similar circumstances;

   g.  In undertaking to perform services for the Plaintiff and its patrons, FAMILY DOLLAR did not exercise reasonable care in performing those services, the Plaintiff relied on FAMILY DOLLAR's performance and/or FAMILY DOLLAR's performance

3

increased the Plaintiff's risk of harm, and FAMILY DOLLAR's negligence proximately caused the Plaintiff's injuries and damages.

11.     Each of the above referenced acts or omissions by FAMILY DOLLAR singularly or in concert, directly and proximately caused the injuries and damages of Plaintiff. Nothing Plaintiff did or failed to do contributed to or proximately caused the incident or Plaintiff's resulting injuries and damages. FAMILY DOLLAR owned, possessed, controlled, and operated on the premises where this incident occurred. FAMILY DOLLAR had constructive or actual knowledge of the condition on the premises. FAMILY DOLLAR was aware of the unreasonable risk because FAMILY DOLLAR created the unreasonable risk. The clear boxes left on the floor posed an unreasonable risk, and that risk was foreseeable. Defendant did not exercise reasonable care to reduce or eliminate the risk of harm to others, including Plaintiff. Plaintiff had no knowledge of the defective condition prior to the incident. Defendant did not warn Plaintiff or others of the defective condition. Defendant's failure to use such care proximately caused Plaintiff's injuries.

## VIII.
## NEGLIGENCE, PREMISE LIABILITY

12.     Plaintiff re-alleges every allegation above. Pleading in the alternative, should the Court find that Defendant's negligent conduct was not committed contemporaneously, Defendant owed a duty to Plaintiff as an invitee on its premises. Defendant directly participated in the conduct giving rise to Plaintiff's negligence claims by creating the dangerous condition. Defendant breached its duty in several ways, including the following:

    a.  Failing to exercise reasonable care to reduce the risk of harm to invitees;

    b.  Failing to exercise reasonable care to eliminate the risk of harm to invitees;

    c.  Failing to ensure the premises under Defendant's control was in safe condition;

    d.  Failing to properly hire, screen, train, control, and/or supervise employees;

4

    e.   Failing to create and/or enforce safety rules and guidelines;

    f.   Failing to properly warn of hazards; and

    g.   Failing to properly and timely remove any hazards.

13.     Defendant FAMILY DOLLAR owned, possessed, controlled, and operated on the premises where this incident occurred. FAMILY DOLLAR had constructive or actual knowledge of the condition on the premises. FAMILY DOLLAR was aware of the unreasonable risk because FAMILY DOLLAR created the unreasonable risk. The clear boxes left on the floor posed an unreasonable risk, and that risk was foreseeable. Defendant did not exercise reasonable care to reduce or eliminate the risk of harm to others, including Plaintiff. Plaintiff had no knowledge of the defective condition prior to the incident. Defendant did not warn Plaintiff or others of the defective condition. Defendant's failure to use such care proximately caused Plaintiff's injuries.

## IX.
## RESPONDEAT SUPERIOR AND AGENCY

14.     Plaintiff re-alleges every allegation above.

15.     Pleading in the alternative, Defendant's employees were agents and/or servants of Defendant. Further, Defendant's employees were conducting work for Defendants. As such, Defendant is responsible for the conduct of Defendant's employees due to the relationship that existed, among other acts and omissions of negligence which may be shown during the trial of this cause.

## X.
## PRESERVATION OF EVIDENCE

16.     Plaintiff hereby requests and demands that Defendant preserves and maintains all evidence pertaining to any claim or defense related to the incident that made the basis of this lawsuit, including any and all video footage from the date of the incident on Defendant's premises, any and

all employee files for employees on duty at Defendant's store on the date of the incident. **Failure to maintain such items will constitute spoliation of the evidence.**

## XI.
## DAMAGES OF PLAINTIFF

17. Plaintiff re-alleges every allegation above.

18.     As a direct and proximate result of the actions and/or omissions of Defendant, Plaintiff incurred medical expenses in the past and, in all reasonable probability, such medical expenses will continue into the future.

19.     As a direct and proximate result of the actions and/or omissions of Defendant, Plaintiff sustained lost wages and/or loss of earning capacity in the past, and, in all reasonable probability, such loss of earning capacity will continue in the future.

20.     As a direct and proximate result of the actions and/or omissions of Defendant, Plaintiff experienced physical pain and suffering in the past and, in all reasonably probability, will sustain physical pain and suffering in the future.

21.     As a direct and proximate result of the actions and/or omissions of Defendant, Plaintiff experienced mental anguish in the past and, in all reasonable probability, will sustain mental anguish in the future.

22.     As a direct and proximate result of the actions and/or omissions of Defendant, Plaintiff experienced physical impairment or physical incapacity in the past and, in all reasonable probability, will sustain physical impairment or physical incapacity in the future.

23.     As a direct and proximate result of the actions and/or omissions of Defendant, Plaintiff experienced physical disfigurement in the past and in all reasonable probability, will sustain physical disfigurement in the future.

24.     Plaintiff also pleads for exemplary damages in an amount within the jurisdictional limits

of this court.

## XII.
## CLAIM FOR PRE-JUDGMENT AND POST-JUDGMENT INTEREST

25.     Plaintiff is entitled to recover pre- and post-judgment interest on all damages that have

accrued as of the date of judgment at the highest legal rate.

## XIII.
## PRAYER

26.     Plaintiff REYNA GUTIERREZ prays that Defendant, FAMILY DOLLAR STORES OF

TEXAS LLC, be cited to appear and answer and, upon final hearing of this cause, Plaintiff has

judgment against Defendant for damages, for actual damages, costs of suit, pre- and post-judgment

interest at the highest legal rate, and for such other and further relief, both general and special, at

equity and in law, to which Plaintiff may show herself justly entitled.


Respectfully submitted,

THE MARTIN LAW FIRM, PLLC

By:     _Mitt Mendoza_

_____
Mathew E. Mendoza
State Bar Number: 24109548
mendoza@waltermartinlaw.com
W. Clark Martin IV
State Bar Number 24076535
clark@waltermartinlaw.com
720 West Alabama Street
Houston, Texas 77006
Tel: (713) 651-1037
Fax: (888) 651-1866
*COUNSELS FOR PLAINTIFF*

7